UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>  v.<br><br>INNOVATION VENTURES, LLC, a Michigan corporation doing business as Living Essentials,<br><br>            Defendant. | Civil No. 08-cv-1166-IEG (POR)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY**<br>**[Doc. Nos. 12, 19.]** |

  Before the Court is Defendant's *ex parte* application for expedited discovery. (Doc. 12.) Plaintiff's motion for a preliminary injunction is scheduled to be heard by the Honorable Irma E. Gonzalez on September 15, 2008. On August 21, 2008, Defendant filed its application, requesting expedited discovery that Defendant claims is necessary to oppose Plaintiff's motion for a preliminary injunction. In accordance with a briefing scheduled issued on August 22, 2008, Plaintiff filed an opposition to Defendant's motion for discovery on August 27, 2008 (Doc. 16). Also on August 27, 2008, Defendant filed a reply brief in support of the motion (Doc. 18), and Plaintiff filed a motion to strike the reply because it was not provided for in the Court's briefing schedule (Doc. 19).

  Plaintiff's motion to strike Defendant's reply brief is hereby DENIED, and the reply is considered below.

  Except in actions for review of an administrative record, and unless the parties stipulate to a commencement of discovery or the court orders discovery to begin, Federal Rule of Civil Procedure

1  26(d) permits parties to seek discovery only after they have met and conferred in compliance with
2  Rule 26(f).  When a party requests court-ordered expedited discovery prior to the Rule 26(f)
3  conference, a "good cause" standard may be applied.  <u>Semitool, Inc. v. Tokyo Electron America</u>,
4  208 F.R.D. 273 (N.D.Cal. 2002).  "Good cause may be found where the need for expedited
5  discovery, in consideration of the administration of justice, outweighs the prejudice to the
6  responding party."  <u>Id</u>. at 276.  A court also generally has the discretion, in the interests of justice, to
7  prevent excessive or burdensome discovery.  Fed. R. Civ. P. 26(b)(2).

8       Defendant's stated need for expedited discovery is the need to oppose Plaintiff's motion for a
9  preliminary injunction.  To obtain a preliminary injunction in the Ninth Circuit, a party must
10 demonstrate either "(a) probable success on the merits combined with the possibility of irreparable
11 injury or (b) that she has raised serious questions going to the merits, and that the balance of
12 hardships tips sharply in her favor."  <u>Bernhardt v. County of Los Angeles</u>, 339 F.3d 920, 925 (9th
13 Cir. 2003).  The movant carries the burden of persuasion and must ordinarily make a "clear
14 showing" that the "drastic remedy" of a preliminary injunction is deserved.  <u>Mazurek v. Armstrong</u>,
15 520 U.S. 968, 972 (1997).

16      As amended by the reply brief, Defendant's request for expedited discovery seeks
17 depositions of two witnesses whose declarations were submitted in support of Plaintiff's motion for
18 preliminary injunction, as well as a deposition of Plaintiff's designee pursuant to Federal Rule of
19 Civil Procedure  30(b)(6), and production of: all documents possessed by Plaintiff regarding
20 Defendant, all documents regarding Plaintiff's "entry into the 2-3 ounce energy market," and "any
21 internal scientific or marketing analysis concerning or discussing Hansen's energy drinks or Living
22 Essentials 5 HOUR ENERGY product." (Doc. 18 at 4.)

23      Defendant's briefs in support of its request undermine the stated need for a deposition of
24 Plaintiff's CEO to oppose Plaintiff's claim of possible irreparable injury.  While claiming that a
25 deposition of Plaintiff's CEO is needed to rebut his declaration, Defendant presents documents
26 found on the internet which Defendant uses to argue against the facts stated in the CEO's
27 declaration.  (Doc. 18-4.)

28      Similarly, the reply brief represents that without expedited discovery Defendant was able to

1 | obtain evidence allegedly rebutting the testimony of Plaintiff's expert. (Doc. 18 at 2-3.) This
2 | evidence was obtained from Plaintiff's own public web site, without a deposition of Plaintiff's
3 | expert. Defendant fails to demonstrate an additional need for taking Plaintiff's expert's deposition
4 | in order oppose the motion for a preliminary injunction.

5 |     Defendant further argues that it is entitled to conduct expedited discovery in this matter due
6 | to the drastic remedy sought by Plaintiff, and because Plaintiff's delay in both bringing this lawsuit
7 | and in seeking the preliminary injunction mitigate against the burden to Plaintiff. Rather than
8 | establish good cause for expedited discovery, these arguments and the evidence presented in support
9 | of them, undermine Defendant's request for a 30(b)(6) deposition to provide evidence that
10 | Defendant claims is needed to argue the balance of the hardships presented by the preliminary
11 | injunction motion.

12 |     Plaintiff's opposition brief persuasively demonstrates that Plaintiff would be unduly
13 | prejudiced if Defendant is permitted to request document production in advance of the preliminary
14 | injunction hearing. Plaintiff contends that the document requests proposed by Defendant would
15 | entail an extensive search for electronically stored information which could be conducted more
16 | effectively after the parties hold their Rule 26(f) conference. (Doc. 16 at 8-9.)

17 |     Defendant fails to demonstrate a need for expedited discovery which will outweigh the
18 | prejudice to Plaintiff. Therefore Defendant's application for expedited discovery is hereby
19 | DENIED.

20 |     IT IS SO ORDERED.
21 | DATED: August 28, 2008

                                                          _____
                                                          LOUISA S PORTER
                                                          United States Magistrate Judge