UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>INNOVATION VENTURES, LLC, a Michigan corporation doing business as Living Essentials,<br><br>　　　　　　　　　　　Defendant. | Civil No.   08-cv-1166-IEG (POR)<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>**(Doc. No. 65.)** |

　　　　On May 29, 2009, third-party Farrand Research Corporation ("Farrand") filed a motion to quash a subpeona *duces tecum* served by Defendant. (Doc. No. 65.) On June 15, 2009, Defendant filed an Opposition. (Doc. No. 75.) On June 17, 2009, Farrand filed a Reply. (Doc. No. 76.) Also on June 17, 2009, Defendant filed a Sur-reply. (Doc. No. 77.) Upon careful review of the parties' pleadings, the Court hereby **GRANTS** without prejudice the motion to quash.

## FACTUAL BACKGROUND

　　　　On May 14, 2009, Defendant served a subpoena *duces tecum* on three non-party agencies that had worked on advertising and/or marketing campaigns for Plaintiff. (See Doc. Nos. 65, 66, and 67.) At issue here is Defendant's subpoena *duces tecum* served upon Farrand.[1]

　　　　Farrand brings its motion on essentially four grounds: (1) the documents sought can be obtained from a less burdensome source (namely, Plaintiff); (2) the subpoena is unduly burdensome

---

[1] Defendant challenges Plaintiff's assertion that Farrand Research Corporation is an advertising agency and, instead, claims it is a market research company. See Oppos. at 4.

1 given its breadth; (3) Plaintiff's advertising is not at issue in this case; and (4) the subpoena is
2 partially duplicative of documents Defendant has already demanded from Plaintiff.

3 In response, Defendant asserts (1) the third-party may have documents not in Plaintiff's
4 possession; (2) Farrand has failed to show with particularity how the requests are burdensome; (3)
5 the subject of the document requests relate not only to the public's understanding of the term
6 "energy," which may undermine Plaintiff's allegations as to the truth or falsity of Defendant's
7 advertising statements, but also to Defendant's laches defense; and, finally, (4) the argument that the
8 documents may be duplicative is "irrelevant" because the documents will likely differ in their
9 substance.

## DISCUSSION

11 Federal Rule of Civil Procedure 45(c) provides that, "[o]n timely motion, the issuing court
12 must quash or modify a subpoena that: . . . subjects a person to undue burden." Rule 26(b)(2) also
13 limits discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some
14 other source that is more convenient, less burdensome, or less expensive; . . . ." Fed. R. Civ. Proc.
15 26.

16 Review of the document requests convinces this Court that, as currently phrased, the requests
17 are vague, overbroad, burdensome, and seem nothing more than a fishing expedition to harass an
18 entity not a party to this case. Further, Defendant served virtually identical document requests upon
19 each of the third-party agencies, illustrating that the requests were not individually tailored.
20 Compare Doc. 65 at 1-14 with Doc. 66 at 12-14 and Doc. 67 at 14.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

Accordingly, the Court hereby **GRANTS** the motion to quash without prejudice. Defendant may subpoena Farrand once it has completed further discovery from Plaintiff and/or narrowed the scope of its requests.

**IT IS SO ORDERED.**

DATED: July 1, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc      The Honorable Irma E. Gonzalez
        All parties