UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>INNOVATION VENTURES, LLC, a Michigan corporation doing business as Living Essentials,<br><br>            Defendant. | Civil No.   08-cv-1166-IEG (POR)<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>**(Doc. No. 67.)** |

On May 29, 2009, third-party Carryon Communications filed a motion to quash a subpeona *duces tecum* served by Defendant. (Doc. No. 67.) On June 15, 2009, Defendant filed an Opposition. (Doc. No. 75.) On June 17, 2009, Carryon Communications filed a Reply. (Doc. No. 76.) Also on June 17, 2009, Defendant filed a Sur-reply. (Doc. No. 77.) Upon careful review of the parties' pleadings, the Court hereby **GRANTS** without prejudice the motion to quash.

## FACTUAL BACKGROUND

On May 14, 2009, Defendant served a subpoena *duces tecum* on three non-party agencies that had worked on advertising and/or marketing campaigns for Plaintiff. (See Doc. Nos. 65, 66, and 67.) At issue here is Defendant's subpoena *duces tecum* served upon Carryon Communications.

Carryon Communications brings its motion on essentially four grounds: (1) the documents sought can be obtained from a less burdensome source (namely, Plaintiff); (2) the subpoena is unduly burdensome given its breadth; (3) Plaintiff's advertising is not at issue in this case; and (4)

1  the subpoena is partially duplicative of documents Defendant has already demanded from Plaintiff.

2  In response, Defendant asserts (1) the third-party may have documents not in Plaintiff's
3  possession; (2) Carryon Communications has failed to show with particularity how the requests are
4  burdensome; (3) the subject of the document requests relate not only to the public's understanding of
5  the term "energy," which may undermine Plaintiff's allegations as to the truth or falsity of
6  Defendant's advertising statements, but also to Defendant's laches defense; and, finally, (4) the
7  argument that the documents may be duplicative is "irrelevant" because the documents will likely
8  differ in their substance.

9  **DISCUSSION**

10  Federal Rule of Civil Procedure 45(c) provides that, "[o]n timely motion, the issuing court
11  must quash or modify a subpoena that: . . . subjects a person to undue burden."  Rule 26(b)(2) also
12  limits discovery when it is "unreasonably cumulative or duplicative, or can be obtained from some
13  other source that is more convenient, less burdensome, or less expensive; . . . ."  Fed. R. Civ. Proc.
14  26.

15  Review of the document requests convinces this Court that, as currently phrased, the requests
16  are vague, overbroad, burdensome, and seem nothing more than a fishing expedition to harass an
17  entity not a party to this case.  Further, Defendant served virtually identical document requests upon
18  each of the third-party agencies, illustrating that the requests were not individually tailored.
19  Compare Doc. 65 at 1-14 with Doc. 66 at 12-14 and Doc. 67 at 14.
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1  //

2  **CONCLUSION**

3  Accordingly, the Court hereby **GRANTS** the motion to quash without prejudice. Defendant
4  may subpoena Carryon Communications once it has completed further discovery from Plaintiff
5  and/or narrowed the scope of its requests.

6  **IT IS SO ORDERED.**

7  DATED: July 1, 2009

8
9  LOUISA S PORTER
   United States Magistrate Judge

10  cc        The Honorable Irma E. Gonzalez
             All parties