# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08-CV-1166 IEG (POR)<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>**(Doc. No. 88.)** |

　　　　Presently before the Court is Plaintiff Hansen Beverage Company's motion for leave to file its first amended complaint ("FAC.") (Doc. No. 88.) For the reasons explained herein, the Court grants the motion.

## BACKGROUND

I.　　Factual Background

　　　　Plaintiff Hansen Beverage Company brings this action for false advertising against defendant Innovation Ventures, doing business as Living Essentials. Plaintiff produces the "Monster Energy" drink and other energy beverages. Defendant produces the "5-Hour Energy" 2-ounce "energy shot." Plaintiff seeks to amend its complaint based Defendant's claims in recent advertisements. Specifically, Plaintiff objects to the advertisements' claims that Monster Energy contains the equivalent of 12 teaspoons of sugar and 200 calories. (Motion at 2.) Plaintiff contends these claims are false and that moreover, the commercials are false and misleading

because Defendant "only mentions in fine print, that is virtually illegible, that the can of Monster Energy being depicted . . . actually contains two servings." (Id.)  Plaintiff now seeks to add new factual allegations relating to the claims for false advertising and trade libel it has already pled in its first complaint.

II.     Procedural Background

Plaintiff filed suit on July 1, 2008.  (Doc. No. 1.)  Plaintiff alleges three causes of action: (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) false advertising in violation of California Business and Professions Code Sections 17200 and 17500; and (3) trade libel in violation of California law.  Defendant filed an answer to the complaint on August 18, 2008. (Doc. No. 9.)  On July 8, 2009, Plaintiff filed the instant motion for leave to file an FAC. (Doc. No. 88.)  Plaintiff has attached the proposed FAC to its motion.  Defendant has not filed a response to Plaintiff's motion.  The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.     Legal Standard

Under Fed. R. Civ. P. 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009).  "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  However, "not all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight."  Id. at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052 (emphasis in original).  The decision of whether or not to grant leave to amend under Rule 15(a) is within the sound discretion of the district court.

1  California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

2  **II.     Analysis**

The touchstone of the Rule 15(a) inquiry is whether the proposed amendment would unfairly prejudice the defendant. Eminence Capital, 316 F.3d at 1052.  The party who opposes amendment bears the burden of demonstrating the prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  In the present case, Defendant has not opposed Plaintiff's motion, and therefore has made no demonstration of prejudice.  Similarly, there has been no strong showing Plaintiff has requested the amendment in bad faith, that Plaintiff has unduly delayed in seeking to amend, or that the amendment would be futile.[1]  Absent these showings, there is a presumption in favor of granting Plaintiff leave to amend under Rule 15(a). Eminence Capital, 316 F.3d at 1052.  Accordingly, the Court grants Plaintiff's motion for leave to file an FAC.

**CONCLUSION**

For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion for leave to file a FAC.  The Clerk shall docket the proposed first amended complaint attached to Plaintiff's motion as Plaintiff's First Amended Complaint.

**IT IS SO ORDERED.**

**DATED:  August 10, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

[1] This is Plaintiff's first attempt to amend the complaint, so the Foman factor of "repeated failure to cure deficiencies by amendments" is inapplicable here.