SENT AUG 11 2009 FOR FILING

FILED 09 AUG 11 AM 10:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC, a Michigan corporation doing business as Living Essentials,<br><br>    Defendant. | Civil No.   08-cv-1166-IEG (POR)<br><br>**ORDER APPROVING AGREEMENTS MADE AT DISCOVERY CONFERENCES DATED MAY 26, 2009 AND JULY 1, 2009** |

//
//
//
//
//
//
//
//
//
//
//
//
//

WHEREAS, the parties appeared at Discovery Conferences on May 26, 2009 and July 1, 2009 and further met and conferred at the Court's direction to jointly resolve their disputes;

**THEREFORE, IT IS HEREBY ORDERED** as follows:

### AGREEMENTS RE: DEFENDANT'S DISCOVERY REQUESTS TO PLAINTIFF

**Document Production.** Plaintiff has represented in its Supplemental Response to Innovation Ventures' Request for Production of Documents (Set One) that, after diligent electronic and physical search among the files of persons reasonably likely to have responsive documents, aside from documents required to be produced as part of the expert discovery pursuant to the Court's Scheduling Orders, on June 19, 2009, Plaintiff had produced all responsive documents, if any, within Plaintiff's possession, custody, or control to Defendant's First Set of Document Requests to Plaintiff. This qualification applies to each Request set forth in Defendant's First Set of Document Requests to Plaintiff.

The following additional clarifications, limitations and/or modifications shall apply to each of the below-listed Requests and shall supersede Plaintiff's objections set forth in Plaintiff's initial and supplemental Responses, aside from objections based on privilege. Aside from documents withheld based on the attorney-client privilege or work-product immunity logged in conformance with Fed. R. Civ. P. Rule 26(b)(5), or as otherwise indicated herein, no responsive documents shall be withheld on the basis of any of the objections stated in Plaintiff's responses to Defendant's First Set of Document Requests to Plaintiff.

By no later than July 10, 2009, Plaintiff shall sell to Defendant one of each product listed in its initial response to Defendant's Document Request No. 34, to the extent they still exist, at Plaintiff's wholesale price for each such good.

By no later than July 10, 2009, Plaintiff shall produce a list of all periodicals and trade publications to which Plaintiff has regularly subscribed since 2003.

By no later than July 10, 2009, Plaintiff shall produce all of Plaintiff's organizational charts relating to the "energy"-side of Plaintiff's business (as distinguished from its fruitdrink-side of the business) from 2003 through the present. By way of clarification and by way of example only,

solely for purposes of this Order, it is intended that Plaintiff's products "FIZZIT" and its energy teas be considered as part of the "energy"-side of Plaintiff's business.

### Plaintiff's Responses to Defendant's First Set of Document Requests to Plaintiff

Plaintiff's Response to Document Request No. 2

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 3

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 4

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 5

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 6

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request Nos. 7-23 and 25-33

These Requests shall be subject to the following limitations: (1) With respect to electronically-searchable periodicals and trade publications, Plaintiff shall search all such publications and produce all responsive documents; (2) With respect to non-electronically-searchable periodicals and trade publications to which Plaintiff has regularly subscribed since 2003, Plaintiff shall produce a list of all such periodicals and trade publications in Plaintiff's possession, custody, or control. To the extent that the physiological effect(s) of a particular nutrient is a principal topic in or otherwise known to Plaintiff to be discussed in such non-electronically-searchable periodicals and/or trade publications, however, then Plaintiff shall produce them.

Plaintiff's Response to Document Request No. 34

Plaintiff confirmed that the list of products set forth in Plaintiff's initial response to this Document Request No. 34 is complete.

Plaintiff's Response to Document Request No. 36

No additional limitation or modification, other than set forth hereinabove, shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 42

Plaintiff shall produce all responsive documents to this Request in Plaintiff's possession, custody, or control, subject to the following modification: "All documents, including, without limitation, notes, minutes, reports or corporate resolutions, relating or referring to any meetings of HANSEN's management, directors, shareholders, or any other committee, group, section, or division of HANSEN that relate or refer to LIVING ESSENTIALS' or any product of LIVING ESSENTIALS."

Plaintiff's Response to Document Request No. 43

No limitation or modification shall apply to the language of this Request.

Plaintiff's Response to Document Request No. 44

No limitation or modification shall apply to the language of this Request.

### Defendant's Interrogatories

Plaintiff's Response to Interrogatory No. 2

To the extent that it has not done so already, Plaintiff shall provide all information in response to this Interrogatory that is in Plaintiff's possession, custody, or control by no later than July 10, 2009. By way of example only, Plaintiff shall not withhold any responsive information on the basis of its objection to providing responsive information after the complaint was filed.

Plaintiff's Response to Interrogatory Nos. 3 and 4

To the extent that it has not done so already, Plaintiff shall provide all information in response to this Interrogatory that is in Plaintiff's possession, custody, or control by no later than July 10, 2009. By way of example only, Plaintiff shall not withhold any responsive information on the basis of its objection to providing responsive information after the complaint was filed.

Plaintiff's Response to Interrogatory No. 5

By no later than July 15, 2009, Plaintiff shall serve a supplemental response to this Interrogatory including the following: (1) A list of persons (including former employees and third-parties) with substantial substantive involvement in the formulation, development, design, marketing, and/or advertising of the products listed in this Interrogatory, whose identity is sought in this Interrogatory. With respect to those persons involved in the sale of the products listed in this Interrogatory, Plaintiff shall provide a list of all management-level employees, former employees, and third-parties; (2) For each person that Plaintiff lists in its initial or in a supplemental responses to this Interrogatory, Plaintiff shall "describe in detail their involvement" in the formulation, development, design, marketing, advertising, and sale of each of the products identified in the Interrogatory; (3) For each person that Plaintiff lists in its initial or in a supplemental responses to this Interrogatory, Plaintiff shall indicate whether the persons identified are current or former employees or third parties; (4) With regard to former employees, if any, identified in Plaintiff's response(s), Plaintiff shall provide their contact information (last known city of residence); and (5) With regard to third-parties and current employees, Plaintiff shall provide the addresses, phone numbers, and email addresses through which they may be contacted.

Plaintiff's Response to Interrogatory No. 6

Plaintiff shall provide all information in response to this Interrogatory that is in Plaintiff's possession, custody, or control, by no later than July 10, 2009. Where Plaintiff references documents it has produced in lieu of a narrative response, then Plaintiff shall specify the documents by the document control number assigned by Plaintiff to such documents.

///

**AGREEMENTS RE: PLAINTIFF'S DOCUMENT REQUESTS TO DEFENDANT**

**Document Production.** By no later than July 10, 2009, Defendant shall serve a supplemental response to Plaintiff Hansen Beverage Company's Request for Production of Documents to Defendant Innovation Ventures, LLC dba Living Essentials, wherein Defendant shall state, by document category, whether the responsive documents have been produced, including detailing any limitations on Defendant's production.

SO ORDERED.

Dated: 8/5/09

HON. LOUISA S. PORTER, U.S. Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

| SOLOMON WARD SEIDENWURM & SMITH | BROOKS KUSHMAN P.C. |
|---|---|
| By: /s/ - Edward J. McIntyre | By: /s/ - Mark B. Mizrahi |
| Norman L. Smith, Esq.<br>Edward J. McIntyre, Esq.<br>Alison L. Pivonka, Esq.<br>401 B Street, Suite 1200<br>San Diego, CA 92101<br>Telephone: (619) 231-0303<br>Facsimile: (619) 231-4755 | Mark B. Mizrahi (SBN 179384)<br>6100 Center Drive<br>Suite 630<br>Los Angeles, California 90045<br>Telephone: (310) 348-8200<br>Facsimile: (310) 846-4799 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |