# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware Corporation,<br><br>                                          Plaintiff,<br><br>        vs.<br><br>INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,<br><br>                                          Defendant. | **CASE NO. 08-CV-1166-IEG (WVG)**<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION TO CONTINUE THE CASE SCHEDULE**<br><br>[Doc. No. 184] |

Presently before the Court is Defendant and Counter-Claimant Innovation Ventures, LLC dba Living Essentials' ("Living Essentials") ex parte motion to continue the case schedule. (Doc. No. 184.) Plaintiff and Counter-Defendant Hansen Beverage Company ("Hansen") has filed a response. For the reasons stated herein, the Court denies the motion.

## DISCUSSION

On December 23, 2009, the Court issued an order granting in part and denying in part Hansen's motion to dismiss Living Essentials' amended counterclaim. (Doc. No. 166.) On January 4, 2010, Hansen filed a motion for certification of interlocutory appeal of the Court's ruling that the Food, Drug, and Cosmetic Act does not preempt Living Essentials' amended counterclaim. The Court has taken the motion for certification, scheduled for hearing on February 22, 2010, under submission.

On January 19, 2010, the Court denied Hansen's ex parte motion requesting that the Court

stay the effect of its December 22, 2009 Order until the Court determines whether to grant the motion for certification. (Doc. No. 174.) On January 28, 2010, Judge William V. Gallo granted Living Essentials' emergency ex parte motion to extend the discovery deadlines for six weeks, until after the hearing date on the motion for certification. (Doc. No. 186.)

Living Essentials has also filed the instant ex parte motion to extend the deadlines in the case schedule by approximately three months to allow the parties to take discovery and designate experts relating to Living Essentials' counterclaims and unclean hands affirmative defense. (Doc. No. 184.) Hansen does not dispute that the parties will need additional time if its motion for certification is denied. However, Hansen states that if certification is granted, it will seek a stay of the counterclaims. Hansen argues that a stay, if granted, would obviate the need for discovery relating to the counterclaims.

## CONCLUSION

Upon consideration of the parties' arguments, the Court hereby DENIES Living Essentials' ex parte motion to extend the case schedule, without prejudice to its being re-filed after the Court has issued an order on Hansen's motion for certification.

**IT IS SO ORDERED.**

**DATED: February 3, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**