```
            MINUTES OF THE UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA
```

 HANSEN BEVERAGE COMPANY   v.   INNOVATION VENTURES    No.  08-CV-1166-IEG(WVG)

HON. WILLIAM V. GALLO         CT. DEPUTY J. YAHL          RPTR. 4h

                              Attorneys
       Plaintiffs                                    Defendants

  Edward McIntyre                               Thomas Cunningham

  Tom Landers                                   Mark Mizrahi


Currently before the Court is Defendant's Ex Parte Motion to Compel.(Doc. No. 170.) The Motion is granted in part and denied in part. The Court convened a telephonic discovery conference on February 17, 2010 at 9:00 A.M. to discuss the motion. The hearing was held on the record. Appearing were Edward McIntyre and Thomas Landers for Plaintiff Hansen, and Thomas Cunningham and Mark Mizrahi for Defendant Innovation Ventures.

The Court ruled as follows:

Living Essentials' Third Set of Document Requests

Request 77 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 78 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 79 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 80 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 81 - The Court compels Hansen to respond subject to an "attorneys' eyes only designation" for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 82 - The Court compels Hansen to respond subject to an "attorneys' eyes only designation" for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 83 - Hansen's objections are sustained.
Request 84 - The Court compels Hansen to respond regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 85 - The Court compels Hansen to respond regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 86 - The Court compels Hansen to respond regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 87 - The Court compels Hansen to respond regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.

Request 88 - The Court compels Hansen to respond regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 89 - The Court compels Hansen to produce documents not already provided, and to identify documents already produced that are responsive. Hansen must provide these documents in native format, if available.
Request 90 - Hansen's objections are sustained.
Request 91 - The Court compels Hansen to produce documents, not already produced pursuant to Request 51, regarding the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product. Hansen's objections are overruled.
Request 92 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 93 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 94 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 95 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 96 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 97 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 98 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 99 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 104 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 105 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 106 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 107 - The Court compels Hansen to respond; Hansen's objections are overruled.
Request 108 - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product in the time period of April 1, 2002 to present. Hansen's objections are overruled.
Request 109 - Hansen's objections are sustained.
Request 110 - The Court compels Hansen to respond for the drink products Primal Energy Tea marketing material and business plans including marketing segments. Hansen may redact portions not related to the Primal Energy Tea product. Hansen's objections are overruled.
Request 111 - The Court compels Hansen to respond for the drink products Primal Energy Tea marketing material and business plans including marketing segments. Hansen may redact portions not related to the Primal Energy Tea product. Hansen's objections are overruled.
Request 112 - The Court compels Hansen to respond for the drink products Primal Energy Tea marketing material and business plans including marketing segments. Hansen may redact portions not related to the Primal Energy Tea product. Hansen's objections are overruled.
Request 113 - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product; Hansen's objections are overruled.
Request 114 - Hansen's objections are sustained.

<u>Request 115</u> - Hansen's objections are sustained.

### Living Essentials' Fourth Set of Document Requests

<u>Request 116</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present. Hansen's objections are overruled.
<u>Request 117</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present. Hansen's objections are overruled.
<u>Request 118</u> - Hansen's objections are sustained.
<u>Request 119</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present; Hansen's objections are overruled with one exception, information need not be provided monthly, but rather in annual format.
<u>Request 120</u> - The Court compels Hansen to produce documents not already provided, and to identify documents already produced that are responsive. Hansen must provide these documents in native format, if available.
<u>Request 121</u> - Hansen's objections are sustained.
<u>Request 122</u> - Hansen's objections are sustained.
<u>Request 123</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present. Hansen's objections regarding scope of the request are sustained to the extent that the requests ask for anything other than the identity of Hansen's distributors for the products identified above.
<u>Request 124</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present, reflecting changes in compensation structure and the agreements reflecting those changes.
<u>Request 125</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present. Hansen's objections are overruled.
<u>Request 126</u> - Hansen's objections are sustained.
<u>Request 127</u> - Hansen's objections are sustained.

### Living Essentials' Third Set of Interrogatories

Given the rulings on the Document Production Requests, the parties withdrew their disputes about Interrogatories 8, 9, 10, 11, 12, 16, 18, and 20. The Court ruled as follows on the remaining disputed interrogatories:
<u>Interrogatory 13</u> - The Court compels Hansen to respond for the drink products named in paragraphs 11, 12, and 13 of the First Amended Complaint (Doc. No. 97) and the Monster Java product for the time period of April 1, 2002 to present. Hansen's objections are overruled.
<u>Interrogatory 14</u> - The Court compels Hansen and Innovation Ventures to compose a joint letter to be issued to student members of the CAT team at the PAC 10 schools in years 2007, 2008, 2009, and 2010, allowing these individuals an opportunity to object to Hansen's production of their contact information.
<u>Interrogatory 17</u> - The Court compels Hansen to respond, but limits its response to either initials or redacted names, for the years 2007, 2008, 2009, 2010.
<u>Interrogatory 19</u> - Hansen's objections are sustained.

<u>Hansen's Inquiry of Regional Directors</u>
       Hansen is ordered to question its eleven regional directors to ensure that these individuals have been questioned and their computers have been searched for responsive information. Hansen is ordered to have this information for the next scheduled discovery conference, now set for March 3, 2010.


DATED:  February 23, 2010

                                        _____
                                        Hon. William V. Gallo
                                        U.S. Magistrate Judge