# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>INNOVATION VENTURES, LLC dba LIVING ESSENTIALS, a Michigan corporation,<br><br>　　　　　　Defendant. | CASE NO. 08-CV-1166-IEG (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>[Doc. No. 195] |

　　　　Presently before the Court is Plaintiff and Counter-Defendant Hansen Beverage Company's ("Hansen") motion for certification for interlocutory appeal. (Doc. No. 195.) Defendant and Counter-Claimant Innovation Ventures, LLC dba Living Essentials ("Living Essentials") has filed an opposition, and Hansen has filed a reply.

　　　　The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the reasons stated herein, the Court denies the motion for certification.

## BACKGROUND

　　　　This case involves two competing companies that produce energy drinks. Living Essentials produces a two-ounce "energy shot" under the 5-Hour Energy brand name. Hansen produces a number of energy products under the brand names Hansen, Monster, and Lost.

　　　　On July 1, 2008, Hansen filed a complaint against Living Essentials for false advertising in

1  violation of the Lanham Act, and unfair competition, false advertising, and trade libel in violation
2  of California law. (Doc. No. 1.) On August 18, 2008, Living Essentials filed an answer. (Doc.
3  No. 8.)

4  Hansen filed its First Amended Complaint on August 11, 2009. (Doc. No. 97.) On August
5  27, 2009, Living Essentials filed an answer and asserted a counterclaim against Hansen. (Doc. No.
6  106.) The counterclaim set forth two causes of action: (1) false advertising in violation of the
7  Lanham Act, and (2) unfair competition in violation of California Business and Professions Code §
8  17200 and false advertising in violation of § 17500.

9  On September 16, 2009, Hansen filed a motion to dismiss the counterclaim or,
10 alternatively, to sever. (Doc. No. 111.) After Living Essentials filed an amended counterclaim
11 asserting the same two causes of action (Doc. No. 128), Hansen filed a motion to dismiss and
12 motion to sever the amended counterclaim (Doc. Nos. 136 & 137).

13 On December 22, 2009, the Court issued an order granting in part and denying in part
14 Hansen's motion to dismiss. (Doc. No. 166.) On December 30, 2009, the Court denied Hansen's
15 motion to sever. (Doc. No. 167.)

16 On January 4, 2010, Hansen filed the instant motion for certification for interlocutory
17 appeal pursuant to 28 U.S.C. § 1292(b), seeking immediate review of the Court's December 22
18 Order ("the Order").

19 **DISCUSSION**
20 **I.      Legal Standard**

21 28 U.S.C. § 1292(b) authorizes certification of district court orders for interlocutory appeal.
22 A district court may grant certification if it is of the opinion that its order (1) involves a controlling
23 question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an
24 immediate appeal from the order may materially advance the ultimate termination of the litigation.
25 28 U.S.C. § 1292(b). The Court of Appeals may then, in its discretion, take up the request for
26 review.[1] Id.

---

28 [1] "Appellate jurisdiction under § 1292(b) 'applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court.'" Movsesian v. Victoria Versicherung AG, 578 F.3d 1052, 1055-56 (9th Cir. 2009) (quoting Yamaha Motor Corp., USA v.

1  "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the party seeking certification has the burden of establishing the existence of "exceptional circumstances" warranting such a departure. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). Ninth Circuit precedent has recognized the "congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1982). Permitting piece-meal appeals is bad policy because such appeals most often result in additional burdens on both the court and the litigants. See McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004); White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

**II.    Analysis**

Hansen requests that the Court certify for interlocutory appeal the Order granting in part and denying in part Hansen's motion to dismiss the amended counterclaim. Hansen specifically requests that the Court certify the question whether Living Essentials' state law unfair competition and false advertising claims based on the California Food, Drug, and Cosmetic Law ("Sherman Law") are expressly or impliedly preempted by the federal Food, Drug, and Cosmetic Act ("FDCA").[2] (Def.'s Mot. for Certification at 3:9-12.)

The Court found that the Sherman Law provisions Living Essentials relied upon, which adopt and incorporate by reference the federal requirements relating to (1) food labeling regulations, (2) definitions and standards of identity, quality, and fill of container, and (3) requirements for nutrient content or health claims, are not preempted by the FDCA's express preemption provision.[3] (Order at 20:24-21:3.) As to the remaining Sherman Law provisions

---

Calhoun, 516 U.S. 199, 205 (1996)). "The Court of Appeals has jurisdiction to decide all questions 'fairly raised' by the issue under review." Movesian, 578 F.3d at 1055-56 (quoting Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1000-01 (9th Cir. 2001)).

[2] The Court also granted in part and denied in part the motion to dismiss with regards to Living Essentials' Lanham Act counterclaim. Hansen does not seek review of the Order with regards to this issue.

[3] The FDCA's express preemption clause preempts state laws which are "not identical to" the FDCA requirements enumerated in the preemption provision. 21 U.S.C. § 343-1(a).

1  which are not "identical to" federal requirements, Hansen did not provide any support for its
2  contention that these provisions fall within the FDCA's express preemption provision.  (Order at
3  21:3-6.)  The Court also rejected Hansen's argument that the state law claims were impliedly
4  preempted because allowing private parties to enforce state statutes identical to the FDCA would
5  frustrate Congress's intent that there be no private cause of action to enforce the FDCA. (Order at
6  22:16-18.)

7  Because Hansen has not met its burden of showing that the Order satisfies the three criteria
8  set forth in § 1292(b), the Court denies the motion to grant certification.

9  **1.     Controlling Question of Law**

10  A controlling question of law is one that, if resolved on appeal, could "materially affect
11  the outcome of litigation in the district court."  In re Cement Antitrust Litigation, 673 F.2d at 1026.
12  For example, "the determination of who are necessary and proper parties, whether a court to which
13  a cause has been transferred has jurisdiction, or whether state or federal law shall be applied" are
14  controlling questions of law.  U.S. v. Woodbury, 263 F.2d 784, 787 (9th Cir. 1959).  Questions
15  involving issues collateral to the basic issues of the case are not "controlling," as those words are
16  used in the statute.  Id. at 788.

17  Here, Hansen satisfies the first criterion for interlocutory appeal because federal
18  preemption is a controlling issue of law that would materially affect the outcome of litigation as to
19  Living Essentials' state law counterclaims.  See Movsesian v. Victoria Versicherung AG, 578 F.3d
20  1052, 1053 (9th Cir. 2009) (the court heard interlocutory appeal where the issue was whether a
21  California statute relating to Armenian Genocide victims was preempted because it interfered with
22  the national government's foreign relations); Harris By & Through Harris v. Ford Motor Co., 110
23  F.3d 1410, 1411-12 (9th Cir. 1997) (the court heard interlocutory appeal where the issue was
24  whether plaintiff's state law tort claims were preempted by the National Traffic and Motor Vehicle
25  Safety Act).

26  **2.     Substantial Ground for Difference of Opinion**

27  However, Hansen fails on the second criterion for interlocutory appeal because Hansen
28  fails to demonstrate a substantial ground for difference of opinion on the preemption issue.  While

1  this issue is apparently one of first impression in the Ninth Circuit[4] and in the other Circuit Courts
2  of Appeal, the mere fact that the circuit courts have not yet ruled on an issue is insufficient to
3  establish a substantial ground for difference of opinion. Spears v. Washington Mut. Bank FA,
4  2010 WL 54755, at *2 (N.D. Cal. Jan. 8, 2010); see also In re Flor v. Bot Fin. Corp., 79 F.3d 281,
5  284 (2nd Cir.1996) ("[T]he mere presence of a disputed issue that is a question of first impression,
6  standing alone, is insufficient to demonstrate substantial ground for difference of opinion.").
7  "[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of
8  cases." White v. Nix, 43 F.3d 374, 378 (8th Cir.1994). But see APCC Servs., Inc. v. AT&T Corp.,
9  297 F. Supp. 2d 101, 107 (D.D.C. 2003) ("A substantial ground for difference of opinion is often
10 established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in
11 other circuits.").

12  "[C]ourts have found a substantial ground for a difference of opinion based on conflicting
13 case law," but Hansen points to no such conflict in the few cases addressing this issue. See Stuart
14 v. Radioshack Corp., 2009 WL 1817007, at *3 (N.D.Cal. June 25, 2009) (citing cases). Rather,
15 Hansen disputes whether the Court's reliance on those cases was correct. The Court in its Order
16 principally relied on In re Farm Raised Salmon Cases, 72 Cal. Rptr. 3d 112 (2008), Vermont Pure
17 Holdings, Ltd v. Nestle Waters North America, Inc., 2006 WL 839486 (D. Mass. Mar. 28, 2006),
18 and Jackson v. Balanced Health Products, Inc. 2009 WL 1625944 (N.D. Cal. June 10, 2009).[5]
19 Hansen contends that the district court in In re PepsiCo, Inc., Bottled Water Marketing and Sales
20 Practices Litigation, 588 F. Supp. 2d 527 (S.D.N.Y. 2008), rejected the court's reasoning in
21 Vermont Pure, and therefore there is conflict among courts. Hansen's reading of the case is
22 incorrect. In In re PepsiCo, the court only held that the plaintiff's reliance on Vermont Pure was

---

[4] Hansen points to the Ninth Circuit's statement in Chavez v. Blue Sky Natural Beverage Co., an unpublished opinion, that the issue whether the FDCA preempted the plaintiff's state law causes of action for alleged misrepresentation of the origins of beverage products "raises an important issue of apparent first impression in this circuit that would have far-reaching consequences." 340 Fed. Appx. 359, 362 (9th Cir. 2009). The court declined to resolve the issue because the district court had made its determination on other grounds. Id.

[5] In addition, the Court relied on the Supreme Court decisions in Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996) and Bates v. Dow Agrosciences LLC, 544 U.S. 431 (2005), which addressed preemption by other federal statutes containing similar express preemption provisions to the one in the FDCA. Hansen points to no contradictory authority with regard to these cases.

1  misplaced, because unlike Vermont Pure, plaintiff's claims were based on state requirements *not*
2  *identical* to those imposed by the FDCA. Id. at 537 ("[A]ll the Vermont Pure court did was apply
3  the "parallel requirements" test set forth in Bates: the federal regime for spring water had
4  requirements for source disclosure, and the plaintiffs were permitted to proceed with a state cause
5  of action to enforce those requirements."). Therefore, plaintiff's claims in In re PepsiCo. were
6  preempted. Id. at 538. Furthermore, the court in In re PepsiCo expressly declined to address the
7  issue of implied preemption. Id. at 539.

8       Hansen's own disagreement with the Court's reliance on these cases does not constitute
9  substantial ground for difference of opinion. See Getz v. Boeing Co., 2009 WL 3765506, at *2 -3
10 (N.D. Cal. June 16, 2009) ("[A]lthough Defendants vehemently disagree with the Court's order . .
11 . this is not sufficient to establish that a substantial ground for difference of opinion exists.").
12 Furthermore, "[a] district court has a duty 'to analyze the strength of the arguments in opposition
13 to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a
14 substantial ground for dispute.'" Max Daetwyler Corp. v. Meyer, 575 F.Supp. 280, 283 (E.D.
15 Pa.1983). Therefore, Hansen fails to demonstrate a substantial ground for difference of opinion
16 based on the cases that have addressed this issue.

17      **3.    Appeal May Materially Advance the Ultimate Termination of the Litigation**

18      Hansen also fails to meet its burden to satisfy the final criterion, because appeal at this
19 juncture would likely not materially advance the ultimate termination of the litigation. "A party
20 seeking interlocutory certification must show that an immediate appeal may 'materially advance,'
21 rather than impede or delay, ultimate termination of the litigation. Hightower v. Schwarzenegger,
22 2009 WL 3756342, at *4 (E.D. Cal. Nov. 6, 2009) (citing In re Cement Antitrust Litig., 673 F.2d
23 at 1026); see also Shurance v. Planning Control Intern., Inc., 839 F.2d 1347, 1348 (9th Cir. 1988)
24 (interlocutory appeal would not materially advance the termination of the litigation where the
25 appeal probably could not be completed before the trial was currently scheduled). "When
26 litigation will be conducted in substantially the same manner regardless of our decision, the appeal
27 cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at
28 378-79.

Granting certification for the Ninth Circuit to address the issues raised by part of Living Essentials' counterclaim would violate the policy against piece-meal appeals. In addition, it is likely that interlocutory appeal might take one to two years to resolve, and it will not materially advance the ultimate termination of Hansen's claims. It will also delay resolution of Living Essentials' valid Lanham Act counterclaim. The Court in its Order granted in part and denied in part the motion to dismiss with regard to the Lanham Act counterclaim, and Hansen did not appeal the Order addressing that claim.

## CONCLUSION

Hansen has not met its burden of demonstrating that there are such "exceptional circumstances" as to warrant departure from the normal rule that only final judgments are appealable. Accordingly, the Court DENIES Hansen's motion for certification.

**IT IS SO ORDERED.**

**DATED: February 25, 2010**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**