UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>INNOVATION VENTURES, LLC dba<br>LIVING ESSENTIALS,<br><br>  Defendant.<br>_____ | Civil No. 08-CV-1166-IEG(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE AND MODIFY THE CASE SCHEDULE**<br><br>(Doc. No. 211) |

The Joint Motion to Continue and Modify the Case Schedule (Doc. No. 211) is GRANTED in part and DENIED in part. Because the Court has recently resolved Hansen's request for interlocutory appeal, the Court finds good cause to provide the parties with a limited extension of discovery deadlines. The discovery dates are extended as follows:

1. On or before **April 2, 2010**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. The parties may designate new experts on topics relating to either Hansen's claims or Innovation Ventures' counterclaims. For purposes in this action only, all expert designations timely noticed on all parties under the previous deadlines remain effective. A failure to timely designate an

1  expert may result in negative consequences under Federal Rules of Civil Procedure 37(c)(1) and
2  16(f)(1)(C). On or before **April 30, 2010**, any party may supplement its designation in response to
3  any other party's designation so long as that party has not previously retained an expert to testify on
4  that subject.

5        2.     Each expert witness designated by a party shall prepare a written report to be
6  provided to all other parties **no later than August 13, 2010**, containing the information required by
7  Fed. R. Civ. P. 26(a)(2)(A) and (B). On or before **March 23, 2010**, Innovation Ventures will produce
8  the Medicus Report; Hansen will produce its clinical studies and consumer surveys. The expert reports
9  based on these documents will be produced in accord with the **August 13, 2010** report deadline.

10       3.     Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.
11 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence
12 intended solely to contradict or rebut evidence on the same subject matter identified in an expert
13 report submitted by another party. Any such supplemental reports are due on or before **September
14 10, 2010**.

15       4.     Discovery, other than expert discovery shall be completed on or before **August 13,
16 2010**. Expert discovery shall be completed on or before **October 22, 2010**.

17       *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil
18 Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may
19 be completed* by the cut-off date, taking into account the times for services, notice, and response as
20 set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought
21 to the attention of the magistrate judge no later than thirty (30) days following the date upon which
22 the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the
23 requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

24       5.     All motions, other than motions to amend or join parties, or motions in limine,
25 **SHALL BE FILED** on or before **October 1, 2010**.

26       Motions will not be heard or calendared unless counsel for the moving party has obtained
27 a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the
28 parties must file their moving papers within three (3) days of receiving the motion hearing date**

**from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks. Please plan accordingly**.  For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.  **Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk**.

6.  Briefs or memoranda in support of, or in opposition to, any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7.  Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **December 20, 2010**.

8.  Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **December 20, 2010**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9.  All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **December 27, 2010**.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

10.  The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **January 3, 2011**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

11.  The final pretrial conference shall be held before the Honorable Irma E. Gonzalez,

1 | United States District Court Judge, on **January 10, 2011 at 10:30 A.M.**
2 |       **IT IS SO ORDERED.**
3 |
4 | DATED:  March 16, 2010
5 |                                   _____
6 |                                   **IRMA E. GONZALEZ, Chief Judge**
                                  **United States District Court**