UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, ) | Civil No. 08-CV-1166-IEG(WVG) |
| ) | |
| Plaintiff, ) | ORDER CONFIRMING THE DENIAL OF |
| ) | HANSEN'S REQUEST TO DEPOSE DR. |
| v. ) | GAIL MAHADY |
| ) | |
| INNOVATION VENTURES, LLC, ) | |
| ) | (Doc. Nos. 194, 200, & 212) |
| Defendant. ) | |
| ) | |

Hansen's request to depose Dr. Gail Mahady, a non-testifying expert for Innovation Ventures, is DENIED. (See Doc. Nos. 194, 200, and 212.)

BACKGROUND

Dr. Mahahdy is currently designated as a non-testifying expert by Innovation Ventures. Innovation Ventures de-designated Dr. Mahady from the status as a testifying trial expert in December 2009. Innovation Ventures had previously submitted Dr. Mahady's declaration in opposition to Hansen's Motion For Preliminary Injunction (see Doc. No. 25, Ex. 18) which was decided by the Court on September 29, 2008. (Doc. 38.) Hansen previously has obtained the

documents and things Dr. Mahady relied on in forming the opinions reflected in her declaration.

On March 3, 2010, the Court held a discovery conference to address Hansen's request to depose Dr. Mahady and others. The Court reviewed the parties' briefs on the Dr. Mahady issue, exhaustively discussed every case cited by each party, and explained at length why these cases and the current case status did not support Hansen's request to now depose Dr. Gail Mahady, a non-testifying expert. The Court further noted that case law on this issue is far from settled. The Court explained that:

1) Dr. Mahady's deposition was used nearly two years ago to defeat Hansen's motion for preliminary injunction;

2) Hansen had ample opportunity to depose Dr. Mahady when she was designated as a testifying expert before the Court rendered its decision on the motion for preliminary injunction, but for unknown reasons, chose not to do so;

3) Hansen was provided the documents underlying Dr. Mahady's opinions reflected in her declaration;

4) Dr. Mahady may not be deposed as she is no longer designated as a testifying expert and will not serve as a trial witness;

5) Hansen has not shown exceptional circumstances justifying the need to depose Dr. Mahady now; and

6) Innovation Ventures' newly designated testifying trial expert, not Dr. Mahady, may be deposed and subject to cross examination at trial, possibly with Dr. Mahady's report.

Following this discussion, and after input from both the parties, the Court ordered Hansen to provide focused supplemental briefing on the issue of Dr. Mahady's deposition.

In the written order (Doc. No. 208), filed March 5, 2010, the Court reiterated its oral instructions to Hansen. Specifically, the written order repeated the following instructions:

> "Hansen may not depose Dr. Mahady, unless Hansen can show exceptional circumstances. No showing has been made to date. Hansen has until March 10, 2010, to provide to the Court the following:
> - the purpose and reasoning why Dr. Mahady's testimony is needed
> - that the information cannot be obtained from another source and why
> - how Hansen would be prejudiced if denied the deposition." (Doc. No. 208.)

Hansen neither filed the supplemental briefing by the ordered deadline, nor requested additional time to respond. Rather, Hansen untimely filed the supplemental briefing on March 15, 2010, without any prior request for a short filing extension, presuming the Court would accept its explanation for its lack of courtesy and diligence.[1]

## DISCUSSION

### I. Timeliness

Hansen notes in its motion that "Hansen's obligations to timely produce the documents covered by this Court's prior orders completely consumed the time and attention of Hansen's counsel. Only the weekend of March 13 and 14 allowed the opportunity to prepare this application." (Doc. No. 212, 1:27 - 2:2.) While it is true that

---

[1] With apparent renewed respect for timeliness, Hansen has submitted an objection to Judge Gonzalez on March 19, 2010 that predates this order. Because Hansen submitted its supplemental briefing five days late, and after close of business on March 15, Hansen provided this Court less than four days to consider its briefing. The Court interprets Hansen's latest objections to Judge Gonzalez a tacit admission that its analysis was insufficient to demonstrate exceptional circumstances.

Hansen delayed months to produce Court ordered basic discovery to Innovation Ventures, and found itself against a strict deadline, this fact does not excuse Hansen's failure to notify the Court and request a short filing extension of the supplemental briefing.

The Court has reviewed Hansen's supplemental briefing despite its tardy submission. The Court gave Hansen very simple and straight forward instructions. However, rather than concisely addressing the Court's specific areas of concern, Hansen expended unnecessary effort reiterating facts and information that have been exhausted at length. The Court provided Hansen with three prongs of inquiry, yet Hansen failed to follow the Court's suggested outline, opting instead to bury its responses in muddled and mostly nonresponsive text.

Nonetheless, although untimely, the Court will address the substance of Hansen's supplemental briefing.

II. <u>Deposition of Dr. Mahady</u>

Hansen must show exceptional circumstances to depose a non-testifying expert, previously designated as a testifying expert. Fed. R. Civ. Proc. 26(b)(4)(B)(ii); <u>see</u> <u>FMC Corp. V. Vendo Co.</u>, 196 F. Supp. 2d 1023, 1045-46 (E.D. Cal. 2002). This imposes "a heavy burden" on Hansen. <u>FSC v. Vendo</u>, 196 F. Supp. at 1046 (quoting <u>Spearman Indus. V. T. Paul Fire & Marine Ins. Co.</u>, 128 F. Supp. 2d 1148, 1151 (N.D. Ill. 2001)). The Eastern District of California has opined that circumstances may be exceptional when "no other available experts in the same field or subject area" exist. <u>Id.</u>

Hansen contends that it is an exceptional circumstance that Judge Gonzalez cited Dr. Mahady's declaration when denying the motion for preliminary injunction on September 29, 2008. This Court disagrees. Hansen's failure to depose Dr. Mahady nearly 18 months

ago when it had the opportunity and the need to do so, does not rise to the level of exceptional circumstances now, especially since Dr. Mahady is no longer a designated trial witness.

The Court in FMC Corp v. Vendo addressed a factual situation in which a defendant failed to designate appropriate experts because it believed it would be able to rely on a co-defendant's experts at trial. 196 F. Supp. at 1028. Before trial, the co-defendant settled out of the case, and as part of the settlement, agreed to keep its expert work product from the remaining defendant. Id. The remaining defendant subsequently requested to depose the former co-defendant's experts. Id. at 1041. The Court failed to find exceptional circumstances to justify depositions of the de-designated experts. Id. at 1047. The Court reasoned that the de-designated experts had not performed "scientific tests that are unavailable or unduplicatable." Id. at 1046. In support, the Court cited to the Eastern District of Louisiana, which reasoned that exceptional circumstances were still not met by "a showing that over $300,000 was required to replicate ... tests [performed by de-designated experts] ... [because] plaintiffs can obtain the substantial equivalent by having their own experts conduct tests." Id. (quoting In re Shell Oil Refinery, 132 F.R.D. 437, 443 (E.D. La. 1990)).

Similar to the de-designated experts mentioned above, Dr. Gail Mahady is not the only expert available in her field, or in the same subject area. Important to note is the fact that she did not perform any tests. Hansen, albeit unintentionally, conceded as much. Hansen objected to Innovation Venture's use of Dr. Mahady's declaration on the grounds that she lacked personal knowledge to render an opinion regarding the Blum scientific report. (Doc. No. 38, p.4 n.2.)

1          Although Dr. Mahady provided an expert opinion to oppose the preliminary injunction, the Court's purported "reliance" on Dr. Mahady's declaration is not exceptional. In denying the preliminary injunction, the Court considered the matters asserted in Dr. Mahady's declaration to offer a mere "probabilit[y] that the necessary facts can be proved [at trial.]" (Doc. No. 38, 2:3-5.) Dr. Mahady's declaration simply informed the Court that Hansen and Innovation Ventures have a legitimate dispute over the definition of "energy." (See Doc. No. 38, 5:16.) This dispute was sufficient for the Court to conclude that Hansen could not show a sufficient probability of success at trial.

         The dispute regarding the definition of energy has not changed throughout the two year life of this case. Hansen will be neither prejudiced at trial nor precluded from discovering expert reasoning that Living Essentials' Five Hour Energy product contains "energy." As previously noted by this Court, "[t]he heart of this case, in both Hansen's suit and the countersuit by Innovation Ventures, is to determine if product advertising (about energy efficacy) is supported by product formulation." (Doc. No. 210, 3:19-22.) More specifically, in order to defend the current lawsuit and present its own counterclaims, Innovation Ventures must produce evidence that its products contain energy. Dr. Mahady's expert opinion that the Blum report supports Innovation Ventures' claim that its products have energy is simply not unique nor incapable of replication. Moreover, Hansen will have ample opportunity to depose Innovation Venture's newly designated testifying expert. Dr. Mahady will not be called at trial and Hansen will not be prejudiced at trial by the Court's disallowance of Dr. Mahady's deposition.

1   This ruling is consistent with the policies underlying expert
2 discovery. Rule 26(b)(4) reflects a reconciliation of conflicting
3 policies. Allowing depositions of testifying experts affords parties
4 the opportunity to adequately prepare for cross-examination at trial.
5 See FMC v. Vendo, 196 F. Supp. at 1046. However, prohibiting
6 depositions of non-testifying experts protects the parties' right to
7 diligently prepare their own case for trial. See id. Allowing Hansen
8 to depose Dr. Mahady would obstruct both of these policies. Innova-
9 tion Ventures' use and reliance upon Dr. Mahady's expertise to oppose
10 the preliminary injunction does not alter this analysis. Permitting
11 the deposition of Dr. Mahady may undermine Innovation Ventures'
12 strategic trial preparations while doing very little, if anything,
13 to aid Hansen in their preparation to cross-examine Innovation
14 Ventures' designated testifying expert at trial. Balancing the
15 potential for harm to Innovation Ventures if Dr. Mahady is deposed
16 against the potential for harm to Hansen if she is not, the Court
17 concludes that Hansen's request to depose Dr. Mahady must be denied.
18 Protecting Dr. Mahady from deposition enables Innovation Ventures to
19 make the necessary preparations and strategic decisions to prepare
20 for trial. Allowing Hansen the opportunity to depose Living Essen-
21 tials' testifying expert enables Hansen to avoid unfair prejudice at
22 trial.

## CONCLUSION

24   The Federal Rules of Civil Procedure allow Hansen discovery
25 of what will be advanced at trial. The Court's reliance on Dr.
26 Mahady's declaration proffered at the preliminary injunction is not
27 an exceptional circumstance justifying departure from Rule
28 26(b)(4)(B). Hansen will not suffer prejudice at trial for not

deposing an expert who will not serve as a trial witness. Because Hansen will have an opportunity to fully depose Innovation Ventures' newly designated testifying trial expert on similar opinions, which may aid in cross-examination at trial, the request for deposition of Dr. Gail Mahady is DENIED.

DATED:   March 22, 2010

                                                Hon. William V. Gallo
                                                U.S. Magistrate Judge