1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   HANSEN BEVERAGE COMPANY, a
     Delaware corporation,

12                                          Plaintiff,

13        vs.

14

15   INNOVATION VENTURES, LLC dba
     LIVING ESSENTIALS, a Michigan
16   corporation,

17                                          Defendant.

CASE NO. 08-CV-1166-IEG (WVG)

**ORDER REGARDING HANSEN
BEVERAGE COMPANY'S
OBJECTION TO MAGISTRATE
JUDGE GALLO'S ORDER
DENYING REQUEST TO DEPOSE
DR. GAIL MAHADY**

18       Presently before the Court is Hansen Beverage Company's ("Hansen") Objection to Magistrate

19   Judge William V. Gallo's Order denying Hansen's request to depose Dr. Gail Mahady, who was once

20   designated as a testifying expert, but was later de-designated. (Doc. No. 218.) For the reasons stated

21   herein, the Court declines to modify or set aside the Order.

22                                   <u>**BACKGROUND**</u>

23       This matter involves false advertising claims between two competitors in the energy drink

24   market, Hansen and Innovation Ventures, LLC d/b/a Living Essentials ("Living Essentials").

25       On August 29, 2008, Living Essentials submitted the declaration of Dr. Mahady in opposition

26   to Hansen's motion for preliminary injunction. Dr. Mahady opined as to the definition of "energy,"

27   the effects of certain ingredients, and whether Living Essentials' energy shot product causes a

28   "crash." Dr. Mahady also opined that the clinical study on the energy shot supported Living

1   Essentials' advertising claim that the product provides five hours of energy. The Court denied

2   Hansen's motion for preliminary injunction, finding that there were disputed issues of fact as to the

3   definition of "energy" and as to the falsity of the "no crash" and 5-hour energy claims. (Doc. No. 38.)

4       In March of 2009, Living Essentials designated Dr. Mahady as a testifying expert witness.

5   Then, in December of 2009, Living Essentials de-designated Dr. Mahady as a testifying witness and

6   substituted a new testifying expert witness. At that time, Hansen had already obtained the documents

7   and things Dr. Mahady relied on in forming the opinions set forth in her declaration, but had not

8   deposed her.

9       On February 11, 2010, Hansen requested to depose Dr. Mahady. On March 5, 2010,

10  Magistrate Judge Gallo issued a written order summarily denying the request absent supplemental

11  briefing showing exceptional circumstances. (Doc. No. 208.) On March 15, 2010, Hansen untimely

12  filed its supplemental briefing on the issue of exceptional circumstances.[1] Before Magistrate Judge

13  Gallo could consider the supplemental briefing, on March 19, 2010, Hansen filed the instant Objection

14  to the denial of its request.

15      After reviewing the supplemental briefing, Magistrate Judge Gallo issued an Order on March

16  22, 2010 (the "Order") finding that Hansen had not demonstrated exceptional circumstances existed

17  to justify deposing Dr. Mahady, a non-testifying expert.[2]

18                                  **DISCUSSION**

19      Hansen files its Objection pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and

20  28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure provides that "[w]hen

21  a pretrial matter not dispositive of the party's claim . . . is referred to a magistrate judge to hear and

22  decide," a party may object to a magistrate judge's order "within 14 days of being served with a

23  copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and

24  modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; 28 U.S.C.

25

26      [1]Magistrate Judge Gallo ordered Hansen to file supplemental briefing on or before March 10, 2010.

27

28      [2]Hansen filed its Objection before Magistrate Judge Gallo issued his March 22, 2010 Order. Nevertheless, the Court reviews the March 22, 2010 Order to determine whether it is clearly erroneous or contrary to law.

636(b)(1)(A).

Rule 26(b)(4)(B)(ii) provides that a party may not depose an opposing party's non-testifying expert absent exceptional circumstances:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> . . .
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(B)(ii). Hansen argues that the exceptional circumstances test does not apply, because Living Essentials waived the protections afforded to non-testifying experts under Rule 26 by submitting Dr. Mahady's declaration in opposition to the motion for preliminary injunction. Magistrate Judge Gallo's Order did not address the waiver issue.[3] However, the Court finds that Magistrate Judge Gallo's application of the exceptional circumstances test was not clearly erroneous or contrary to law.

"[T]he majority approach in federal jurisprudence is to allow the work product protection/consultative privilege to be restored, even if a testifying expert witness' designation is withdrawn after his/her opinions have been disclosed." Estate of Manship v. United States of America, 240 F.R.D. 229, 237 (M.D.La. 2006); see also Intervet, Inc. v. Merial Limited, 2007 WL 1797643 (D. Neb. June 20, 2007) (no waiver of Rule 26(b)(4)(B) protection where plaintiff filed non-testifying expert's declaration in a separate but related litigation, involving the same parties, in support of a motion for preliminary injunction); FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023 (E.D. Cal. 2002) (applying exceptional circumstances test where non-testifying experts had disclosed reports and opinions); Plymovent Corp. v. Air. Tech. Solutions, Inc., 243 F.R.D. 139 (D.N.J. 2007) (no waiver where plaintiff attempted to rely on non-testifying expert's videotape and report at a preliminary injunction hearing and plaintiff voluntarily produced the videotape and report in discovery); In re Shell Oil Refinery, 132 F.R.D. 437, 440 (E.D. La.1990) (no waiver where parties had exchanged "preliminary" expert reports). While, arguably, it might be a different situation where the Court

---

[3]Hansen only explicitly raised this argument for the first time in its reply, and at most alluded to it in its supplemental briefing and Objection.

1    considered the de-designated expert's opinion in a pretrial motion, Hansen cites no authority requiring

2    that the Court deem Rule 26(b)(4)(B) protection waived in this situation.

3          The Court further finds that Magistrate Judge Gallo's conclusion that Hansen had not

4    demonstrated exceptional circumstances is not clearly erroneous or contrary to law.  Hansen must

5    show "exceptional circumstances under which it is impracticable for the party to obtain facts or

6    opinions on the same subject by other means."  See Fed. R. Civ. P. 26(b)(4)(B)(ii).  Magistrate Judge

7    Gallo found no exceptional circumstances existed because Dr. Mahady is not the only expert available

8    in her field or on the particular subjects addressed in her declaration.  Importantly, Dr. Mahady did

9    not perform any tests, and her opinion that the clinical study supports Living Essentials' advertising

10   claim is not unique or incapable of replication.  Magistrate Judge Gallo explained that the core dispute

11   between the parties continues to be whether Living Essentials' energy shot provides five hours of

12   energy and "no crash."  Hansen will be able to depose Living Essentials' new testifying experts, and

13   these experts will necessarily have to opine as to the same subjects as Dr. Mahady did in her

14   declaration in order for Living Essentials to defend the lawsuit and prevail on its counterclaims.  In

15   its Objection, Hansen argues that exceptional circumstances exist because "[n]o other expert, no

16   matter how qualified, can explain the thought processes that Dr. Mahady went through in analyzing

17   this case and drafting her written expert report."  However, the Court agrees with Magistrate Judge

18   Gallo's determination that this does not constitute exceptional circumstances.

19         The Court also agrees with the finding that Hansen will not be prejudiced by the Court's

20   disallowance of Dr. Mahady's deposition.  In addition to the reasons stated above, Magistrate Judge

21   Gallo explained that deposing Dr. Mahady would do little to aid Hansen.  Dr. Mahady will not testify

22   at trial, and therefore there is no need to depose her in preparation for cross examination.  Hansen had

23   the opportunity and need to depose Dr. Mahady nearly 18 months ago, but did not do so.  In its

24   Objection, Hansen argues that it will suffer severe prejudice because it will be "deprived of the

25   opportunity to cross-examine the expert witness that helped persuade the Court to deny the motion

26   for preliminary injunction."   The Court finds this argument unpersuasive.

27   //

28   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the reasons stated herein, the Court declines to modify or set aside Magistrate Judge Gallo's denial of Hansen's request to depose Dr. Mahady.

**IT IS SO ORDERED.**

**DATED:  April 20, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

08cv1166