UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSEN BEVERAGE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> INNOVATION VENTURES, LLC, <br><br> Defendant. | Civil No. 08-CV-1166-IEG(WVG) <br><br> ORDER REGARDING JOINT DISCOVERY STATEMENT RE: AUGUST 10, 2010 DISCOVERY CONFERENCE <br><br> (Doc. No. 232) |

Defendant Innovation Ventures and Plaintiff Hansen filed a Joint Dispute Statement August 6, 2010. (Doc. No. 232.) Defendant complains that Hansen has failed to respond to discovery, and has improperly redacted information from documents, not produced documents in native format, and not in the time period for which documents were requested. Hansen asserts that the discovery production date was mutually extended, that the redaction was proper to protect third party privacy, and that documents produced were produced in the available formats and responsive time periods. Defendant's requests are GRANTED in part and DENIED in part as detailed below.

I. <u>Defendant's Fourth Set of Interrogatories and Fifth Set of Document Production Requests</u>

Defendant served discovery on Plaintiff June 14, 2010. Plaintiff has not responded alleging that Defendant granted a brief extension. Party stipulations are "recognized as binding on the court only when approved by the judge." Civ. Loc. R. 7.2(a).The parties did not consult the Court to approve the alleged extension nor was it memorialized in any written document. Currently, Plaintiff

is nearly an entire month late in responding to Defendant's requests and only vaguely indicates when it will serve responses. As part of its motion, Defendant asks the Court to order that Plaintiff has waived any objections Plaintiff may assert to the interrogatories and document requests. "It is well established that a failure to object to discovery requests within the time frame required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The Court accordingly finds that Plaintiff has waived all objections to the interrogatories and document production requests through its complete failure to respond. Plaintiff is ordered to respond to Defendant's discovery requests no later than August 23, 2010.

II. Redaction of Documents

Defendant complains that Plaintiff improperly redacted documents in response to Plaintiff's Third Set of Document Production Requests. Plaintiff argues that the documents were redacted to protect privacy concerns and to exclude non-responsive information. The Court's ruling regarding each group of documents is addressed below by Bates number. If not already completed, Plaintiff is ORDERED to produce a privilege log no later than August 23, 2010.

1. Bates Stamp Numbers 50442 - 50446

These documents respond to Defendant's request for production number 93[1] to which the Court compelled production. Plaintiff claims that these documents were received redacted from Knobbe Martens and is unsure if unredacted copies exist. Plaintiff reports further that the documents are redacted for reasons relating to a separate ongoing litigation. No later than August 23, 2010, Hansen is ordered to both inquire if unredacted copies exist and if so, provide them to the Court for review.

///
///
///

---

[1] Request for Production 93: All documents that refer or relate to the creation of and/or decision to use, or continue to use, the following claim in Hansen's advertising: "It's a wicked mega hit that delivers twice the buzz of a regular energy drink."

2. <u>Bates Stamp Numbers 50687 - 51027</u>

These documents reflect consumer complaints and communications with government or regulatory bodies.[2] Plaintiff indicates that Bates Numbers H051013 through H 51027 were redacted by the Government. Plaintiff aptly notes that this Court has already tailored the scope of certain discovery responses to protect third party privacy rights. (<u>See</u> Doc. No. 201, Interrogatory 14.) The Court has reviewed the redactions made by Plaintiff and finds them to be appropriate. All identifying information, such as name or contact information is properly redacted to protect third party privacy rights. The Court finds that Defendant may be entitled to contact these individuals, however reminds the parties that discovery cut-off is near and extensions will not be favorably received.

To protect third party privacy rights, Plaintiff and Defendant shall draft a joint letter to all consumers who submitted health related complaints, allowing these individuals an opportunity to object to Plaintiff's production of their contact information. Plaintiff shall provide a draft to Defendant on or before <u>August 23, 2010</u>. Defendant and Plaintiff shall agree on changes and the letter shall be sent no later than <u>August 30, 2010</u>.

3. <u>Bates Stamp Numbers 58153 - 58158</u>

These documents represent two emails Plaintiff produced as responsive to Defendant's request for documents relating to Plaintiff's 32 ounce can size.[3] Plaintiff notes that the emails are redacted for non responsive information. The Court agrees. Defendant's challenge to the redaction is DENIED.

4. <u>Bates Stamp Numbers 58517 - 58543</u>

These documents represent reports from the American Analytical Chemistry Laboratories Corporation. The reports were redacted to exclude information that was beyond the scope of

---

[2] <u>Request for Production 89</u> : Any documents that refer or relate to any adverse events and/or health issues suffered by any consumers of Hansen's ENERGY DRINKS that were asserted to be caused in whole or in part, by the consumption of any Hansen ENERGY DRINK.
<u>Request for Production 91</u>: Documents related to any communication between Hansen or any of its attorneys or agents, on the one hand, and any governmental, regulatory, or similar body or entity, including by way of example and not limitation, the Food and Drug Administration, Federal Bureau of Alcohol, Tobacco Firearms and Explosives and/or the Federal Trade Commission, on the other hand, that refer or relate to any Hansen ENERGY DRINK.

[3] <u>See</u> Requests for Production 77 - 80.

1    "testing or analysis of Hansen energy drinks to determine amount of carbohydrates, sugars or
2    calories."[4] The Court has reviewed the redactions and finds them to be appropriate. Defendant's
3    challenge to the redaction is DENIED.

4    III. <u>Temporal Scope of Production</u>

5    Defendant complains that Plaintiff has produced consumer complaints only from March
6    2008 to August 2009. Plaintiff responds that prior to 2007, it did not maintain a centralized database
7    to store consumer complaints. Plaintiff concedes that it is reviewing its consumer database and
8    records to provide all responsive documents in its possession. Plaintiff is ORDERED to produce all
9    consumer complaints in its possession. If Plaintiff has previously produced all consumer complaints,
10    it must so state in a sworn declaration. Plaintiff must provide a response or declaration on or before
11    <u>August 23, 2010</u>.

12    IV. <u>Native Format</u>

13    Defendant contends that Plaintiff failed to produce consumer health complaints in native
14    format despite this Court's February 2010 order. (<u>See</u> Doc. No. 201, Request 89.) However,
15    Defendant misinterprets the Court's order. Plaintiff was under obligation to produce documents in
16    native format only if Plaintiff maintains them in native format. Because the complaints were not
17    produced in native format, it appears they are not available. To clarify the issue, Plaintiff is ORDERED
18    to provide all available native format consumer complaints. Alternatively, if none exist, Plaintiff must
19    so state in a sworn declaration. Plaintiff must provide a response or declaration on or before <u>August
20    23, 2010</u>.

22    DATED:  August 16, 2010

                                                                 Hon. William V. Gallo
                                                                  U.S. Magistrate Judge

---

[4] <u>See</u> Request for Production 113.